FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 27 2023

TAMMY H. DOWNS, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

JENNIFER AKIN, Individually and as
Next Friend and Natural Guardian of
RYDER ZACHERY, a minor                                          PLAINTIFF

vs.                     Case No. 4:23CV-58-KGB

ARKANSAS DEPARTMENT OF HUMAN          This case assigned to District Judge Baker
SERVICES AND KRISTI PUTNAM, in her    and to Magistrate Judge Ray
Capacity as the Secretary of the Arkansas
Department of Human Services                                    DEFENDANTS

## COMPLAINT

COMES Jennifer Akin, Individually and as Next Friend of and Guardian of Ryder Zachery, a minor, and for her claims against the Arkansas Department of Human Services ("Department") and Kristi Putnam, in her capacity as the Secretary of the Arkansas Department of Human Services, and for cause therefor would show the Honorable Court as follows:

### PARTIES

1. Plaintiff, Jennifer Akin, is a resident of Clark County, Arkansas. She is the natural guardian and mother of Ryder Zachery, minor.

2. Plaintiff Ryder Zachery, a minor, resides in Clark County, Arkansas, with his mother.

3. Defendant Arkansas Department of Human Services (hereinafter referred to as "The Department") is a governmental entity of the State of Arkansas. The Department is charged with responsibility for administering the Medicaid program within the State of Arkansas.

4.     Defendant Kristi Putnam is the Secretary of the Arkansas Department of Human Services.

## JURISDICTION AND VENUE

5.     This is an action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

6.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims herein for declaratory and injunctive relief involving the assertion of rights under the laws of the United States, specifically 42 U.S.C. § 1396p, 42 U.S.C. § 1396k, 42 U.S.C. § 1396a, 42 U.S.C. § 1983, and the United States Supreme Court's decisions in *Arkansas Department of Health and Human Services, et. al. v. Ahlborn*, 547 U.S. 268 (2006), and *Wos v. E.M.A. ex rel Johnson*, 133 S. Ct. 1391 (2013).

7.     Venue in this Court is proper under 28 U.S.C. § 1391 because all Defendants reside within the Eastern District of Arkansas.

## FACTS

8.     Jennifer Akin was 30 years old when she became pregnant with Ryder Zachery. Jennifer presented to Baptist Health Women's Clinic - Arkadelphia for prenatal care beginning on October 2017. This was Jennifer's first pregnancy and it was uncomplicated.

9.     On May 30, 2019, Jennifer presented to Baptist Medical Center - Arkadelphia around 5:37 p.m. for elective induction of labor. She was 40 weeks pregnant. Due to the negligence of the medical care providers at the hospital, Ryder Zachery suffered permanent and severe brain damage during the course of Ms. Akin's labor and delivery.

10.    A lawsuit styled *Jennifer Akin, individually and next friend and natural guardian of Ryder Zachery, a minor v. Baptist Health d/b/a Baptist Health Medical Center – Arkadelphia,*

*Arkansas Health Group d/b/a Baptist Health Women's Clinic Arkadelphia, Sophie C. Dojaques, M.D., and Diamond Risk Insurance, LLC*, Clark County Circuit Court, Docket No. 10CV-20-64 was filed. In October 2022, Plaintiff reached a settlement with all defendants in the matter for confidential amounts as to each. Plaintiff's injuries greatly exceed the amount of the compromised settlements. The sums to be paid upon consummation of the settlement agreement constitute, in return for a full and complete release, a complete settlement of all claims of any nature, whether past or future, arising of the injuries in this occurrence.

## COUNT I – DECLARATORY JUDGMENT

11. The allegations contained in paragraphs 1 through 14 are incorporated as if fully restated herein.

12. Defendants Department and Putnam, in her official capacity, have, pursuant to Arkansas Code Ann. §20-77-301, *et seq.*, asserted a claim, right of repayment, subrogation, or lien in the amount of $137,480.27 against the funds Plaintiff is to receive pursuant to the confidential settlement agreement to the underlying action. Plaintiff's attorneys will hold in a trust account, the full sum of $137,480.27 pending resolution of the claims and request for relief asserted herein.

13. The above-described funds to be held by Plaintiff's attorneys in trust are for Plaintiff's benefit and constitute Plaintiff's property as to which Defendants assert a lien or claim for payment.

14. As a result of the medical negligence further described above, Plaintiffs suffered severe personal injuries, including significant emotional distress and, as to the parent, the loss of the companionship, society, and services of her son Ryder Zachery. Plaintiff Ryder Zachery will incur significant medical, therapeutic, rehabilitative, vocational, and economic losses in the future for which the Department will not be responsible. Plaintiff's damages as a result of these **injuries**

**exceeded by many fold the total sum realized from all sources.** Plaintiff's right to compensation for each of these elements of damages recognized under Arkansas law constitute separate property interests of the Plaintiff.

15. Federal law, including the United States Supreme Court decision in *Arkansas DHS v. Ahlborn*, 547 U.S. 268 (2006), establishes that the right to recovery purportedly conferred by Arkansas Code § 20-77-301 *et seq.* no more than the right to recover the portion of the settlement or judgment that represents the payment for past medical expenses. The United States Supreme Court has held that with respect to recovery based on payments made on behalf of a Medicaid beneficiary, "a State may not demand any portion of a beneficiary's tort recovery except the share that is attributable to medical expenses." *Wos*, 133 S.Ct. at 1399.

16. There exists a genuine controversy between Plaintiff and Defendants as to the extent of Defendants' right of repayment from property owned by Plaintiff and the extent to which Arkansas Code Ann § 20-77-301 *et. seq.*, as applied to Plaintiff's property as described herein above, is pre-empted by 42 U.S.C. §1396p and whether Defendants' assertion of a lien against Plaintiff's property, under color of state law, deprives Plaintiff of a right under 42 U.S.C. §1983.

17. Plaintiff, therefore, requests declaratory relief pursuant to 28 U.S.C. §2201 that, pursuant to *Arkansas Department of Health and Human Services et al v. Ahlborn*, 547 U.S. 268 (2006), and *Wos v. E.M.A. ex rel Johnson*, 133 S.Ct. 1391 (2013), and for the Court to determine the extent, if any, to which the settlement proceeds are attributable to past medical expenses furnished by the Department, and that the Court further adjudicates and declares by way of a declaratory judgment that the lien or right of recovery of the Department is limited to that portion of the settlement adjudicated to be attributable to the past medical expenses.

## COUNT II – INJUNCTIVE RELIEF

18. The allegations contained in the preceding paragraphs are incorporated as if fully restated herein.

19. Defendants Department and Putnam, in her official capacity have, pursuant to Ark. Code Ann. §20-77-301 *et seq.* asserted a claim or lien in the amount of $137,480.27 against the funds Plaintiff is to receive as a result of the above-described settlement. Plaintiff's attorneys are holding in a trust account the sum of $137,480.27 pending resolution of the claims and request for relief asserted herein.

20. The above-described funds to be held by Plaintiff's attorneys for Plaintiff's benefit constitute Plaintiff's property as to which Defendants assert a lien or claim for payment.

21. As a result of the medical negligence further described above, Plaintiff suffered severe personal injuries, including significant emotional distress and, as to the parent, the loss of the companionship, society, and services of her daughter. Plaintiff will incur significant medical, therapeutic, rehabilitative, vocational, and economic losses in the future for which Department will not be responsible. Plaintiff's damages as a result of these **injuries exceeded by many fold the total sum realized from all sources.** Plaintiff's right to compensation for each of these elements of damages recognized under Arkansas law constitute separate property interests of the Plaintiff.

22. Federal law, including the United States Supreme Court decision in *Arkansas DHS v. Ahlborn*, 547 U.S. 268 (2006), establishes that the right to recovery purportedly conferred by Arkansas Code §20-77-301 *et seq.* confers no more than the right to recover the portion of the settlement or judgment that represents the payment for past medical expenses. The United States Supreme Court has held that with respect to recovery based on payments made on behalf of a

Medicaid beneficiary, "a State may not demand any portion of a beneficiary's tort recovery except the share that is attributable to medical expenses." *Wos*, 133 S.Ct. at 1399.

23.     Plaintiff requests that Department and Putnam be permanently enjoined from seeking to impose a lien pursuant to Arkansas Code Ann §20-77-301 *et seq.* and be permanently enjoined from instituting any action pursuant Arkansas Code Ann §20-77-301 *et seq.* beyond seeking recovery of that portion of Plaintiffs' settlement adjudicated herein to be that attributable for Plaintiffs' past medical expenses furnished by Department.

## PRAYER

**WHEREFORE,** Plaintiff demands declaratory and injunctive relief against Defendants and each of them as herein above set forth and that Plaintiff be granted such other and further relief to which she may be justly entitled.

Respectfully submitted,

By:_____
    GEORGE R. WISE, JR., ABN 78171
    The Brad Hendricks Law Firm
    500 C. Pleasant Valley Drive
    Little Rock, AR 72227
    501-221-0444
    501-219-0608 (fax)
    gwise@bradhendricks.com

ATTORNEYS FOR PLAINTIFFS